IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

URSULA MCQUAY,                                                  Case No:
     Plaintiff,

v.

STAHL-MEYER FOODS, INC,
     Defendant.

_____/

## COMPLAINT

Plaintiff, Ursula McQuay, ("Plaintiff" or "Ms. McQuay"), by and through her undersigned counsel, brings forth this actions against Defendant, Stahl-Meyer Foods, Inc. ("Defendant" or "Stahl-Meyer"), and alleges the following:

### NATURE OF THE ACTION

1.    This is an action brought under Title VII of the Civil Rights Act of 1964.

### PARTIES AND JURISDICTION

2.    At all times pertinent hereto, Plaintiff has been residents of the State of Florida and employed by Defendant.

3.    Defendant is a Florida, for-profit corporation, with its principle place of business located at 294 Southwest Harvey Greene Drive, Madison, FL 32340-4266.

4.    At all times pertinent to this action, the unlawful employment practices occurred at 294 Southwest Harvey Greene Drive, Madison, FL 32340-4266.

5.    At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

6.      Plaintiff, Ursula McQuay, is a member of a protected class and alleges discrimination on the basis of sex and race.

7.      This court's jurisdiction to hear this action is pursuant to 42 U.S.C. § 2000-5(f)(3) and  28 U.S.C. § 1331.

## CONDITIONS PRECEDENT

8.      Plaintiff has satisfied all conditions precedent to bringing forth this action.

9.      Plaintiff filed charges of racial, sexual discrimination/harassment, and retaliation with Florida Commission on Human Relations ("FCHR") and said charges were dual filed with the Equal Employment Opportunity Commission ("EEOC").

10.     The EEOC issued a finding that based upon its investigation, the EEOC was unable to conclude that the information obtained established a violation of the statutes.

11.     This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

### SEXUAL HARASSMENT

12.     Defendant, Stahl-Meyer Foods, Inc., is a manufacturer of meat products in Madison, Florida.

13.     Plaintiff, Ursula McQuay, is an African-American/black female, who began employment with Stahl-Meyer on or around June 2012.

14.     She was hired as a packer at a rate of $9.00 an hour.

15.     In September of 2014, McQuay was offered the position of "Quality Control Manager" assuming the position of the previous quality control manager, Maria Alatorre, who quit in September 2014.

16. On or around May 29, 2015, Ms. McQuay was sexually assaulted by co-workers Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo.

17. On May 29, 2015, while checking the temperature of the meat, Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo grabbed Ms. McQuay and fondled her private areas (vagina, buttock, and breast).

18. She screamed for them to stop, but the inappropriate touching continued.

19. The inappropriate touching continued long enough for other coworkers to enter the area witnessing the incident.

20. Another witnessing coworker, Michael, ran into the area and forcefully removed Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo off Ms. McQuay.

21. Ms. McQuay immediately notified her supervisor what occurred, whose reaction was of no concern for Ms. McQuay's safety and unwanted physical touching of her most private areas.

22. Her supervisor threw his hands up in frustration saying, "fuck it" and walked into an office and relayed what occurred to another supervisor and the plant manager.

23. Ms. McQuay then spoke with a plant manager relaying to him the recent events and demanded that they review the video tape.

24. Ms. McQuay was told that management would address the issues the following morning; that never occurred.

25. The attitude of management's handling of this very serious matter, or lack thereof, resulted in Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo badgering of Ms. McQuay, emulating their unwarranted conduct, humiliating her, and making jokes about what occurred.

26. Their conduct made Ms. McQuay very uncomfortable, unsafe, and humiliated creating a hostile working environment.

27. The incident was never investigated or address again until Ms. McQuay complained to management about the sexual assault not being investigated and complaints about Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo never receiving any reprimands for their behavior at that time.

28. After Ms. McQuay continued complaints, management spoke to Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo, who are all Hispanic, essentially to shut her up.

29. The accused were never reprimanded for their inappropriate acts and serious violations of Ms. McQuay's person.

30. Stahl-Meyer, a Hispanic run business, didn't care to address or investigate Ms. McQuay's complaints of sexual assault because of her gender and race as blacks/African Americans are always treated less favorable than any other race of employees employed there.

RETALIATION & RACE DISCRIMINATION

31. Shortly after the allegations of sexual assault were made, management began retaliating against Ms. McQuay.

32. She began to be routinely reprimanded and degraded in front of her coworkers in an obvious attempt to demote and/or terminate her.

33. Prior to the sexual harassment complaint, Ms. McQuay had no issues nor complaints as it related to her employment duties and was a model employee.

34. Ms. McQuay was demoted and returned to the production line in January 2016.

35. When asked why she was demoted and replaced, no reason was given by management.

36.    Defendant not only retaliated against Ms. McQuay by demoting her after her complaints of sexual harassment, but also discriminated against her based on race by replacing Ms. McQuay with a Hispanic woman who had no experience and had only been working for Defendant a few months.

37.    Defendant immediately began training Ms. McQuay's replacement, for not only Ms. McQuay's job, but as quality control for the entire plant.

38.    This was an opportunity that Ms. McQuay was never considered for because of her race (black/African American) even though she was more qualified for the job.

39.    Defendant, an Hispanic run business, does not hire African Americans in higher management positions, even if they are more qualified.

40.    Blacks/African Americans are routinely treated differently by Defendant in all aspects of employments such as pay, discipline, and opportunities for advancement.

## COUNT I
### Sexual Discrimination/Sexual Harassment - 42 U.S.C. 2000e-2(a)

41.    Paragraphs 1 through 40 are hereby repeated and incorporated as if fully set forth herein.

42.    Ms. McQuay is part of a protected class and is alleging sexual harassment based on sex (female). But for Ms. McQuay's gender, she would have not been subject to the inappropriate touching by employees of the Defendant.

43.    While employed by Defendant, Ms. McQuay was inappropriately touched by employees of Defendant, Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo who had grabbed Ms. McQuay and fondled her private areas (vagina, buttock, and breast).

44.     Even with piercing screams of Ms. McQuay due to the unwanted touching, they continued to touch Ms. McQuay inappropriately until another co-worker intervened and forcefully remove the accused from Ms. McQuay's person.

45.     Such physical contact was unwarranted and unwelcomed.

46.     After said events were reported to management, management failed to timely investigate and reprimand the accused which resulted in the continued harassment, badgering, and humiliation of Ms. McQuay creating a hostile working environment.

47.     Due to management's failure to timely investigate and reprimand the accused, Ms. McQuay felt unsafe while at work while having to continue working in the presence of the accused while constantly enduring jokes and emulations of their actions.

48.     This behavior continued because there were no consequences to the blatant violations of her person.

49.     The acts of Defendant's employees were condoned and ratified by Defendant when they failed to take immediate action to investigate and reprimand the acts of Filadelfo Martin, Norbet Carrillo Sanchez, and Gulmaro Elesforo.

50.     Due to the handling, of lack thereof, of Ms. McQuay's complaints by management, Defendant should be held liable as they were aware of the complaints and failed to take immediate and appropriate action to protect Ms. McQuay from the unwanted physical contact, continued badgering, and humiliation.

51.     The failure of Defendant to act, adversely affected the terms and conditions of Ms. McQuay's employment as it created a hostile working environment.

52.     As a direct and proximate result of Defendant's conduct, Ms. McQuay have suffered emotional distress, mental pain and suffering.

53.     Defendant's actions are in violation of 42 U.S.C. 2000e-2(a).

## COUNT II
## Racial Discrimination - 42 U.S.C. 2000e-2(a)

54.     Paragraphs 1 through 40 are hereby repeated and incorporated as if fully set forth herein.

55.     Defendant discriminated against Ms. McQuay with respect to terms, conditions, or privileges of employment because of her race (black/African American).

56.     Ms. McQuay, holding a position as the quality control supervisor, was replaced with a Hispanic woman who had no experience and had only been working for Defendant for a few months.

57.     Not only did Ms. McQuay lose her job as a quality control supervisor to a person of Hispanic origin with no experience, but Defendant provided the replacing employee with benefits, bonuses, and training that was not available to Ms. McQuay even though she was more qualified for the job.

58.     Ms. McQuay wasn't given the opportunity for quality control over the entire plant because Defendant is a Hispanic run business and Defendant did not want a black/African American in such a management/officer position.

59.     Defendant is liable for the differential treatment based on race; such differing treatment adversely affected the terms and conditions of Ms. McQuay's employment with Defendant.

60.     As a direct and proximate result of Defendant's conduct described above, Ms. McQuay have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, and loss of other benefits.

61.     Defendant's actions are in violation of 42 U.S.C. 2000e-2(a).

## COUNT III
### Retaliation - 42 U.S.C. 2000e-3(a)

62.     Paragraphs 1 through 40 are hereby repeated and incorporated as if fully set forth herein.

63.     Defendant engaged in adverse action against Ms. McQuay, a covered individual, because she engaged in protected activity.

64.     Ms. McQuay, a longtime employee of the Defendant, had an unblemished record with Defendant and had no job related or performance complaints until she complained of sexual harassment in the work place.

65.     After Ms. McQuay made sexual harassment complaints against a few of Defendant's employees, insisted that her complaints be investigated, and demanded that Defendant take immediate and appropriate action, Defendant retaliated against her by initiating a series of complaints resulting in a demotion from a supervisor position to the production line.

66.     Defendant's reason for demoting Plaintiff for work performance issues was pretextual.

67.     As a direct and proximate result of Defendant's conduct described above, Ms. McQuay has been damaged.

68.     The action Defendants are in violation of Ms. McQuay's rights under 42. U.S.C. 2000e-3(a).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Ursula McQuay, respectfully prays that this Court:

(a)     That process issue and this Court take jurisdiction over this case;

(b)   That this court grant equitable relief against Defendant under the applicable courts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   Enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant (compensatory and otherwise) for Defendant's violations of law enumerated herein;

(d)   Enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)   Enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)   Grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein are so triable.

RESPECTFULLY SUBMITTED,

/s/ India Footman
India Footman, Esq.
Footman Law Firm, P.A.
1695 Metropolitan Circle, Suite 3
Tallahassee, FL 32308
Phone: (850) 597-7396
Fax: (850) 888-8819
Email: indiafootman@footmanlaw.com
Fla. Bar No. 105905
*Attorney for Plaintiff*